**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JTH TAX, INC d/b/a LIBERTY TAX**
**SERVICE,**

        **Plaintiff,**

**v.**                                          **Civil No. 2:07cv170**

**KENYA WHITAKER and**
**EAST SOLUTIONS SOFTWARE, LLC.,**

        **Defendants.**

## OPINION & ORDER

This matter is before the Court on Motion of Defendants Kenya Whitaker and Easy

Software Solutions, LLC ("Defendants") to Transfer or to Stay the Proceedings. Doc. 10.

Defendants contend that venue should be transferred, pursuant to 28 U.S.C. § 1404(a), to the

Northern District of Texas, where Defendants reside and where a parallel action, including all

material parties, has been filed. See Docs. 10 & 11. Because the Court finds that the

convenience of the parties and witnesses and the interests of justice weigh against transfer of

venue, Defendants' Motion to Transfer is **DENIED**. Because Defendants have further failed to

show that a stay of these proceedings is warranted, Defendants' Motion to Stay is also **DENIED**.

### I. PROCEDURAL HISTORY

Plaintiff JTH Tax, Inc. d/b/a Liberty Tax Service ("Plaintiff") filed a Complaint against

Defendant Whitaker alleging trademark infringement and breach of franchise agreement on April

1

12, 2007.  Doc. 1.  This Complaint was amended on May 15, 2007 to add Easy Software

Solutions, LLC ("ESS") as a defendant.  Doc. 12.

On May 10, 2007, in lieu of her answer, Defendant Whitaker filed a Motion to Transfer

or to Stay the Proceedings and Brief in Support.[1]  Docs. 10 & 11.  Plaintiff filed a Memorandum

in Opposition, accompanied by twelve (12) affidavits, on May 21, 2007.  Docs. 14-26.

Defendants together filed a Reply to Plaintiff's Memorandum in Opposition on May 30, 2007.

Doc. 32.  On June 6, 2007, Defendant ESS filed a Motion adopting Defendant Whitaker's

Motion to Transfer or Stay the Proceedings (Docs. 10 & 11).  Doc. 33.  The next day, Plaintiff

filed a Memorandum in Opposition to ESS's Motion, incorporating its previous Memorandum

(Doc. 14).  This matter was referred to the Court on June 8, 2007.  See Docket No. 2:07cv170.

## II. FACTUAL BACKGROUND

Plaintiff is a corporation organized and existing under the laws of Delaware, but with its

headquarters and principal place of business located in Virginia Beach, Virginia.  Doc. 12 ¶ 1.   ¶

2.  Defendant Whitaker is a citizen and resident of Texas.  Id. ¶ 2; Docs. 10 & 11 ¶ 1.  Defendant

ESS is a Texas corporation.  Id.

Defendants are former franchisees of Plaintiff who previously owned and operated one

(1) Liberty Tax Service franchise, giving them the right to operate a Liberty Tax Service office

using Plaintiff's allegedly proprietary trademarks and methods within a specified territory in

Texas.  Id.  As part of this Franchise Agreement (Doc. 12, Ex. 1), Defendants agreed to several

provisions articulating the law that would govern the Agreement and any disputes arising

---

[1]This Motion was filed subject to defect for want of Defendant Whitaker's address and telephone number.  Defendants moved to cure this defect by their Motion to Cure Defect, filed on May 22, 2007.  Doc. 29.  This Motion is hereby **GRANTED**.

therefrom.  Doc. 12, Ex. 1 ¶ 15 ("Governing Law").  In relevant part, these sections provide:

> **a. Virginia Law.**  This Agreement is effective upon its acceptance in Virginia by our authorized officer.  Virginia law governs all claims which in any way relate to or arise out of this Agreement or any of the dealings of the parties hereto. . . .
> **b. Jurisdiction and Venue.**  In any suit brought by us, which in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto, you consent to venue and personal jurisdiction in the state or federal court of the city or county of the National Office, presently Virginia Beach state courts and the United States District Court in Norfolk, Virginia. . . .

Id. ¶ 15.a. & b. (emphasis original).  This Agreement was signed on July 31, 2003 by Kenya Whitaker and by John T. Hewitt, President/CEO of Liberty Tax Service.  See id. at 16. Approximately two (2) weeks later, on August 14, 2003, the Franchise Agreement was amended to change the name of the Franchisee from Kenya Whitaker to ESS.  Docs. 10 & 11, Ex. B.  The Amendment provides that Kenya Whitaker shall remain as guarantor.  Id.  Both ESS and Defendant Whitaker signed the Amendment as "Franchisees."  Id.

By their Motion of May 10, 2007, Defendants contend that venue should be transferred to the Northern District of Texas because convenience to the parties and witnesses weighs strongly in favor of proceeding there.  See Docs. 10 & 11 ¶ 34.  To this extent, Defendants contend that the forum selection clause (Doc. 12, Ex. 1 ¶ 15.b.) contained in the Franchise Agreement is not controlling.  Id. ¶¶ 28-29.  In the alternative, Defendants ask that this matter be stayed pending resolution of a parallel matter involving these parties in the Northern District of Texas.  Id. ¶ 54. The circumstances of this parallel matter, however, have not been provided to the Court.  Id.

Plaintiff argues that this matter should not be transferred because its selection of venue is entitled to substantial weight, because it has shown through numerous declarations that Virginia

3

will promote the convenience of witnesses and the parties, and because the interests of justice

will be best served by having this matter proceed where the parties consented to jurisdiction in

the Franchise Agreement's forum selection clause.  Doc. 14 at 2-3.  Plaintiff further urges that

stay of this matter would be improper because Defendants have not met the burden requiring

transfer and because, pursuant to the "first-filed rule," the present matter has priority over the

later-filed Texas litigation.  Id. at 3.

### III. MOTION TO TRANSFER

Title 28 of the United States Code, section 1404(a) governs transfer of venue.  That

section states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have

been brought." 28 U.S.C. § 1404(a).  The decision of whether to transfer an action under §

1404(a) is committed to the sound discretion of the district court.  In re Ralston Purina Co., 726

F.2d 1002, 1005 (4th Cir.1984).

In applying this statute to the facts at hand, a court "must make two inquiries: (1) whether

the claims might have been brought in the transferee forum; and (2) whether the interest of

justice and convenience of the parties and witnesses justify transfer to that forum." JTH Tax,

Inc. v. Lee, 482 F. Supp. 2d 731, *5 (E.D.Va. 2007) (quoting Koh v. Microtek Int'l, Inc., 250 F.

Supp. 2d 627, 630 (E.D.Va.2003)).  In resolving the first prong of this inquiry, venue is proper in

a civil action, where jurisdiction is not based solely on diversity of citizenship, in any "judicial

district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. §

1391(b)(1).  The parties here agree the Defendants reside or are otherwise incorporated in Texas.

See Doc. 12 ¶ 2; Doc. 10 ¶¶ 1, 31.  This Court therefore finds that this matter could have been

4

brought by Plaintiff in Texas, and that venue would therefore be proper in the Northern District of Texas.

The second prong of the Court's inquiry—whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum—requires consideration of the following four factors: (1) the plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. <u>Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.</u>, 702 F. Supp. 1253, 1256-62 (E.D. Va.1988). The interest of justice factors include such circumstances as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment. <u>GTE Wireless, Inc. v. Qualcomm, Inc.</u>, 71 F. Supp.2d 517, 519 (E.D.Va.1999).

### A. Plaintiff's Choice of Venue

Under the first factor, the plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate. <u>Koh</u>, 250 F. Supp.2d at 633; <u>Hanover Ins. Co. v. Paint City Contractors, Inc.</u>, 299 F. Supp.2d 554, 556 (E.D. Va. 2004) ("Plaintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum."). This is especially true when the chosen venue is its home forum or the contractual forum in a forum selection clause. <u>See, e.g.</u>, <u>Gulf Oil v. Gilbert</u>, 330 U.S. 501, 508 (1946); <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (In weighing the factors in a § 1404(a) analysis, a district court should consider the presence of a valid forum selection clause as central to the calculus, weighing heavily in favor of the

contractual forum.). "To overcome that privilege, a movant 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought.' " Id. (quoting Medicenters of Am., Inc. v. T & V Realty & Equip. Corp., 371 F. Supp. 1180, 1184 (E.D. Va.1974)); see Beam Laser Sys., Inc. v. Cox Commc'ns, Inc., 117 F. Supp. 2d 515, 519 (E.D. Va. 2000).

In the instant matter, Plaintiff's principal place of business is in Virginia Beach, Virginia, within the Eastern District of Virginia.  Doc. 1 ¶ 1.  Further, the contractual forum in the provided in the Franchise Agreement's forum selection clause is specified as the United States District in Norfolk, Virginia, within the Eastern District of Virginia.  See Doc. 1, Ex. 1 ¶ 15.b. Therefore, the Court **FINDS** that Plaintiff's choice of venue weighs substantially in favor of Plaintiff and against transfer to Texas.

### B. Witness Convenience and Access

"This factor is often the most important in balancing for a potential § 1404(a) transfer, but the influence of this factor may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony." Precision Franchising, Inc. v. Coombs, 2006 WL 3840334, *5 (E.D. Va. 2006) (citing Board of Trustees, Sheet Metal Workers Not. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1258 (E.D. Va. 1988). Transfer is inappropriate when the result of transfer merely serves to shift the balance of inconvenience from one party's witnesses to the other's.  Eastern Scientific Marketing v. Tenka-Seal Corp., 696 F. Supp. 173, 180 (E.D. Va. 1988).

Defendants have provided some pertinent information regarding potential witnesses and summarizing the subject of their testimony; however, much of the testimony is unrelated to

Plaintiff's claims.  <u>See</u> Docs. 10 & 11 ¶¶ 39-45; <u>cf.</u> Doc. 12. While Defendants name eleven (11)

potential witnesses who reside in the Northern District of Texas, their testimony as described in

Defendants' Motion relates only to Defendants' claims of Plaintiff's breach of the Franchise

Agreement or its interference with Defendant's business.  <u>See id.</u>  Defendants have not

counterclaimed for breach of contract in this action and much of the testimony summarized may

be otherwise related to defending this matter.  While it is likely that Defendant Whitaker and R.

Byron Whitaker, President of ESS, will testify at trial regarding the circumstances of Plaintiff's

claims, the relevancy of the other witnesses' testimony has not been established.

On the other hand, Plaintiff has submitted to the Court twelve (12) affidavits of potential

witnesses and has summarized their testimony.  <u>See</u> Docs. 14-26.  While Defendants correctly

point out that not all of these witnesses reside in Virginia Beach, several do, and those that do

will allegedly testify to matters material to Plaintiff's claims; that is, the contractual agreements

and obligations between the parties, Defendants' alleged breach of the Franchise Agreement.  <u>See</u>

Doc. 14 at 4-5; Docs. 10 & 11 at ¶¶ 37.  Therefore, because Defendants have not shown that the

inconvenience to witnesses located in Texas outweigh the inconvenience to witnesses who reside

in Virginia Beach, Virginia, the Court **FINDS** that witness convenience does not suggest transfer

of this matter to the Northern District of Texas.

### C. Convenience of the Parties

The import of this factor is significantly reduced when a plaintiff files suit in its own

forum, and will rarely justify transfer in such cases, because transfer would likely serve only to

"shift the balance of inconvenience" from defendant to plaintiff.  <u>See</u> <u>Board of Trustees</u>, 702 F.

Supp. at 1259.  Defendants argue that this matter should be transferred for convenience of the

parties because the Northern District of Texas is where Defendants reside and they lack the financial resources to litigate in Virginia.  Docs. 10 & 11 ¶ 48.  Further, transfer would be fair because Plaintiff has sufficient resources to litigate across the country.  Id.  Plaintiff, however, filed this suit in its home forum consistent with an agreed upon forum selection clause and contends that the parties' financial circumstances are irrelevant to considerations of convenience. See Doc. 1 ¶ 1; id., Ex. 1 ¶ 15.b.; Doc. 14 at 8-9.

The Court finds that Defendants' arguments for transfer would merely serve to shift the balance of convenience.  Defendants assented to venue in Virginia when they signed the forum selection clause, preparing them for the possibility of suit in this District.  See Doc. 12, Ex. 1 ¶ 15.b.  Accordingly, the Court **FINDS** that convenience of the parties weighs against transfer in this instant matter because it would likely serve only to "shift the balance of inconvenience" from Defendants to Plaintiff.

### D. Interest of Justice

This category serves as a means to incorporate all other factors that bear on the interests of justice, including the pendency of a related action, a court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment.  Precision Franchising, 2006 WL 3840334 at *5 (citing GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp.2d 517, 519 (E.D. Va. 1999)).  As an initial matter, the parties have agreed that Virginia law governs this matter; therefore, this Court is familiar with the applicable law.  See Doc. 12, Ex. 1 ¶ 15.a. Further, this Court has no docket issues which should prevent an efficient resolution of this action.

8

Further consideration of the interest of justice largely brings into question whether the forum selection clause is valid in light of a defendant's arguments for its unreasonableness or the weight of other factors in favor of transfer.  See Precision Franchising, 2006 WL 3840334 at *5. This is a difficult hurdle for a defendant to overcome.  The United States Supreme Court has held that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  The United States District Court for the Fourth Circuit has further found that forum selection clause are binding  "absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power."  Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 339 (4th Cir. 2002).

In the instant matter, Defendants do not contend that the forum selection clause is unreasonable or otherwise the result of fraud or unequal bargaining power.  Rather, Defendants only argue that the forum selection clause contained in the Franchise Agreement "is a factor for consideration" but "does not control the determination here."  Doc. 10 ¶ 28.  Defendants rely on the United States Supreme Court's decision in Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988), which, Defendants contend, stands for the proposition that forum selection clauses are somehow immaterial to the convenience analysis required by § 1404(a).  See Doc. 10 ¶ 29.  Defendants have misjudged the import of the Franchise Agreement and the forum selection clause willingly assented to.

As this Court has noted above, the presence of a forum selection clause is relevant within the Court's § 1404(a) analysis both in terms of Plaintiff's choice of forum and the interests of justice.  The Supreme Court in Stewart Organization did not hold that forum selection clauses are

9

immaterial to the venue transfer analysis, but rather that forum selection clauses are not dispositive and that a court must take the forum selection clause into consideration when exercising its discretion whether to transfer venue within the terms of § 1404(a).  <u>Stewart Organization</u>, 487 U.S. at 31.  Notably, the Supreme Court observed that

> The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.  In its resolution of the § 1404(a) motion in this case, for example, the District Court will be called on to address such issues as the convenience of a Manhattan forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power.  The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.

<u>Id.</u> at 29-30.  The Court therefore **FINDS** that the forum selection clause is not only relevant, but weighs substantially against transfer of venue, absent any argument by Defendants of its unreasonableness or that it was the result of fraud or unequal bargaining power, insofar as it illustrates Defendants' awareness and assent to venue in this Court.

Because the Court has found that all four (4) factors of the venue analysis under § 1404(a) are neutral or mitigate against transfer of this matter to the Northern District of Texas, Defendants' Motion is **DENIED**.

### IV. MOTION TO STAY

Having determined that convenience to the parties and witnesses and the interests of justice are best served by denying Defendants' Motion to Transfer, thus maintaining jurisdiction in this Court, the Court must now consider Defendants' Motion to Stay these proceedings pending resolution of a parallel action in the Northern District of Texas.

"A Motion to Stay Proceedings is not expressly provided for by the Federal Rules or by statute, although a district court has the inherent discretion to recognize such a motion under its general equity powers." King Pharmaceuticals, Inc. v. Lupin LTD, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005). A party seeking to stay proceedings "must justify it by clear and convincing circumstances, and these circumstances must weigh more heavily than the potential harm to the party against whom the stay applies." Id. "Accordingly, the applicant for a stay must make out a clear case of hardship or inequity in being required to go forward. . . . Otherwise, a stay is not merited." Id. (citations and quotations omitted).

In support of its Motion, Defendants contend only that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation dictates that where there are actions relating to the same subject matter and raising identical issues pending between the same parties in two judicial districts, such actions should be tried in one forum or another – not both." Docs. 10 & 11 ¶ 54. Defendants provide no other information regarding this matter; the Court has not been provided a copy of Defendant's Complaint or even a civil docket number. See id. Indeed, only Plaintiff illuminates the nature of the Texas action when it acknowledges that Defendants initiated the parallel action against Liberty Tax Service in Texas on May 9, 2007, nearly one (1) month after Plaintiff filed suit in this Court on April 12, 2007. Doc. 14 at 13. Plaintiff notes that it has yet to answer the Texas Complaint. Id.

In light of the limited information provided this Court on the allegedly parallel matter pending in Texas, the Court cannot find that Defendants have met their burden in showing by clear and convincing circumstances that a stay is warranted. Accordingly, Defendants' Motion to Stay is **DENIED**.

**V. CONCLUSION**

For the reasons stated above, Defendants' Motion to Transfer (Docs. 10 & 33) is

**DENIED**, Defendants' Motion to Stay (Docs. 11 & 33) is **DENIED**, and Defendant Whitaker's

Motion to Cure Defect (Doc. 29) is **GRANTED**.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.


_____
/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 16, 2007