IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
SEP 2 7 2007
CLERK, U S DISTRICT COURT
NORFOLK, VA

JTH TAX, INC d/b/a LIBERTY TAX SERVICE,

    Plaintiff,

v.                                                      Civil No. 2:07cv170

KENYA WHITAKER and
EAST SOLUTIONS SOFTWARE, LLC.,

    Defendants.

## OPINION & ORDER

This matter is before the Court on the Plaintiff and Counterclaim Defendant JTH Tax, Inc.'s ("Plaintiff") Motion to Dismiss Counts III and V of the Defendants and Counterclaim Plaintiffs Kenya Whitaker and Easy Software Solutions, LLC's ("Defendants") Counterclaim and Plaintiff's Motion to Strike the Defendants' Request for Attorney's Fees. Docs. 40 (Motion to Dismiss), 45 (Mem. in Support) and Docs. 42 (Motion to Strike), 46 (Mem. in support).

Because Counts III and V of the Counterclaim fail to state a claim upon which relief can be granted, the Plaintiff's Motion to Dismiss is **GRANTED**. Defendants will be **GRANTED** leave to amend their counterclaim to replace their claim for negligent misrepresentation with constructive fraud. Additionally, Plaintiff's Motion to Strike the Request for Attorney's Fees is **GRANTED** as Defendants have cited no law or contractual provision to support this request.

## I. Factual Background and Procedural History

The facts of this dispute arise out of Defendants' franchising agreement with Plaintiff. Defendants are former franchisees of Plaintiff who previously owned and operated one (1) Liberty Tax Service franchise, giving them the right to operate a Liberty Tax Service office using Plaintiff's allegedly proprietary trademarks and methods within a specified territory in Texas. Doc. 12 ¶ 2 (Amended Complaint). Liberty Tax Service terminated the franchising agreement on February 6, 2007. Id. at ¶ 18.

Plaintiff brought suit on April 12, 2007, alleging that Defendants committed trademark infringement and breached the franchise agreement because Whitaker retained her client files and other property belonging to the Plaintiff and continued to identify herself using Liberty's trademarks, even though she was requested to stop doing so after the agreement was terminated. Id. at ¶¶ 20-33. Defendants filed their counterclaim on August 3, 2007. Doc. 39. In the counterclaim, Defendants allege that Plaintiffs failed to fulfill their obligations under the franchising agreement and otherwise undermined the Defendants' ability to perform their duties under the agreement. Id. at ¶¶ 7-11. Among other claims, the Defendants allege that the Plaintiff falsely represented what services and support they would provide the Defendants in the franchising agreement. Id. at ¶ 32. Defendants also allege that Plaintiff breached their implied covenant of good faith and fair dealing by failing to provide these services and defaming Whitaker in front of her clients. Id. at ¶ 35. Defendants request, among other relief, that they be granted attorney's fees if they prevail. Id. at 8.

Plaintiff filed the present Motion to Dismiss these claims on August 21, 2007. Doc. 40. Plaintiff also filed the present Motion to Strike the Defendants' Request for Attorney's Fees on

that date. Doc. 42. Defendants responded to the Motion to Dismiss on August 31, 2007. Doc. 49. Defendants did not respond to the Motion to Strike. Plaintiffs replied on September 4, 2007. Doc. 50.

## II. MOTION TO DISMISS AND REQUEST TO AMEND

### A. Standard of Review

A motion to dismiss under FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)") tests the sufficiency of a complaint; it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A Rule 12(b)(6) motion should only be granted "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff") (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)).

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (1990)). The Court may also look to documents attached to the Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56

motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

### B. Analysis

Plaintiff has moved to Dismiss Count III, Negligent Misrepresentation, and Count V, Breach of Implied Covenant of Good Faith and Fair Dealing, on the grounds that Virginia does not recognize such torts. See Doc. 45. Defendant has agreed to voluntarily dismiss Count V, but requests that the Court either deny Plaintiff's Motion to Dismiss Count III or, in the alternative, allow Defendants leave to amend their complaint to replace their negligent misrepresentation claim with a constructive fraud claim. Doc. 49.

In Count V, Defendants allege that Plaintiff breached their implied covenant of good faith and fair dealing. Plaintiff correctly asserts that Virginia law does not recognize such a claim as an independent tort. See L & E Corp. v. Days Inns of Amer., Inc., 992 F.2d 55, 59 n.2 (4th Cir. 1993); Derthick v. Bassett-Walker, Inc., 904 F. Supp. 510, 522 (W.D. Va. 1995), aff'd, 106 F.3d 390 (4th Cir. 1997). In Virginia, "while a duty of good faith and fair dealing exists . . . as part of every commercial contract," the failure to abide by this duty gives rise only to a claim for breach of contract, not to an independent tort action. See Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A., 251 Va. 28, 33 (1996). Thus, Count V is **DISMISSED** for failure to state a claim upon which relief can be granted.

In Count III, Defendants allege that Plaintiff is liable for negligent misrepresentation. Plaintiffs are correct that Virginia law does not recognize such a tort. See Bentley v. Legent Corp., 849 F. Supp. 429, 434 (E.D. Va. 1994); Haigh v. Matsushita Elec. Corp., 676 F. Supp.

1332, 1350 (D. Va. 1987). Thus, Count III is **DISMISSED** for failure to state a claim upon which relief can be granted.

Defendants do not contest that these claims are not recognized by Virginia law. See Doc. 49. Defendants argue, however, that Virginia courts have recognized constructive fraud as having the same elements as a claim for negligent misrepresentation and that such a claim is recognized in Virginia. Id. Defendants are correct that a claim for constructive fraud is recognized in Virginia. See Cohn v. Knowledge Connections, Inc., 266 Va. 362, 369 (2003). The Virginia Supreme Court has described the claim as one where "the misrepresentation of a material fact is not made with the intent to mislead, but is made innocently or negligently although *resulting in damages to the one relying on it.*" Id. (emphasis in the original) (internal quotations omitted). Thus, in order to set out a claim for constructive fraud, Defendants would have to allege that the Plaintiff negligently made a representation of a material fact that caused their damage. This is, in essence, exactly what Defendants tried to allege through their negligent misrepresentation claim. Defendants have alleged that Plaintiff made material misrepresentations of the services they would provide, and then failed to provide such services, causing harm. Doc. 39. Thus, Defendants are **GRANTED** leave to amend their counterclaim to reflect this allegation.

### III. MOTION TO STRIKE

Plaintiff has moved to strike Defendants' request for attorney's fees under FED. R CIV. P. 12(f) ("Rule 12(f)"). Rule 12(f) gives the Court authority to strike any insufficient matter from the pleadings on its own or upon motion by a party. See FED. R. CIV. P. 12(f). In Virginia, attorneys fees are not recoverable in a contract action unless there is a contractual or statutory

provision providing for such fees. See Hiss v. Friedberg, 210 Va. 572, 577 (1960). Plaintiff alleges that there is no provision in the franchise agreement providing for the recovery of attorney's fees. Doc. 42. Additionally, Plaintiff correctly points out that Defendants have cited no statutory or other basis for recovering such fees. Id. Defendants have not responded to this motion. As Defendants have cited no authority for their ability to recover such fees, the Court will **GRANT** the Plaintiff's Motion to Strike.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Plaintiff's Motion to Dismiss Counts III and V. The Court also **GRANTS** the Plaintiff's Motion to Strike the Defendants' Request for Attorney's Fees. The Court will also **GRANT** the Defendants leave to amend their counterclaim to state a claim for constructive fraud.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 27, 2007